IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY LLOYD CHESTERMAN, | CV 23-66-H-DWM |
| Plaintiff, | |
| vs. | ORDER |
| START PROGRAM; MARK DENNEHEY; DEPARTMENT OF CORRECTIONS, | |
| Defendants. | |

Plaintiff Timothy Lloyd Chesterman ("Chesterman"), proceeding without counsel and in forma pauperis, alleges constitutional violations associated with the denial of his placement in a prerelease center. (Doc. 2.) Chesterman was advised that his complaint as pled failed to state a claim for federal relief and was subject to dismissal. (Doc. 7.) Chesterman was informed of the deficiencies in his complaint and advised of the relevant pleading standards. (*Id.* at 4-7.) Chesterman timely filed an amended complaint. (Doc. 9.)

## I.   STATEMENT OF THE CASE

Chesterman is a convicted state prisoner. From November of 2022 to July of 2023, Chesterman was placed at the Sanction, Treatment, Assessment,

1

Revocation and Transition ("START") Program in Anaconda, Montana. (Doc. 9 at 4.) START is a diversionary program offering an assessment/sanction center for adult males who have violated conditions of community placement including pre-release, parole, or probation.[1] Chesterman alleges that during his time at START, Defendants violated "[his] or the state's statute of limitations" by not placing him in a program or prerelease center. (Doc. 9 at 4.) He asserts that this denial was because he suffers from a traumatic brain injury. (*Id*.) Specifically, Chesterman alleges that Mark Dennehey, his case manager, ran his name for pre-release placement on three separate occasions, but failed to place him in a community program or on conditional release. (*Id*. at 5.) Chesterman provides no additional factual support for his claims of discrimination and a due process violation.

## II.    28 U.S.C. §§ 1915, 1915A SCREENING STANDARDS

The complaint has been reviewed under 28 U.S.C. §§ 1915 and 1915A. Dismissal is required if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, such a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

[1] *See*: http://www.cccscorp.com/programs/start/ (accessed June 25, 2024).

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The

allegations must cross "the line from conceivable to plausible." *Id.* at 680.  A "*pro*

*se* complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

The court's liberal interpretation of a pro se complaint, however, may not supply

essential elements of the claim that were not pled.  *Ivey v. Bd. of Regents of Univ.*

*of Alaska*, 673 F. 2d 266, 268 (9th Cir. 1982).

## III.   ANALYSIS

Chesterman initially failed to allege sufficient facts to state a claim for relief

and was given an opportunity to amend his Complaint.  Chesterman's Amended

Complaint provides no more information or factual support than that contained in

his prior pleading.  The only discernable difference between the two filings is that

Chesterman added Mr. Dennehey as a Defendant, in the place of Montana State

Prison.  (*Compare* Doc. 2 *with* Doc. 9.)

The Eleventh Amendment bars suit in federal court against a state and/or a

state agency absent a valid abrogation of immunity by Congress or an express

waiver of immunity by the State.  *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S.

261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico*

*Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  The

State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. §§ 2-9-101, et seq.  Hence any claim against the State of Montana or any agency of the State cannot be brought in federal court. Thus, the Montana Department of Corrections is an improper party to this action.

Chesterman has also failed to associate the alleged acts of the remaining two defendants with the injuries that he claims.  Chesterman is presently serving a commitment to the Montana Department of Corrections.  Such a commitment could consist of a prison sentence or appropriate community-based programs, including prerelease centers and intensive supervision programs. *See State v. Strong*, 2009 MT 65, ¶ 21, 349 Mont. 417, 203 P. 3d 848.  While Chesterman was placed for a period of time at START, he was eventually incarcerated at Crossroads Correctional Center. Whether an individual is accepted at a prerelease center turns on not only the individual's suitability for placement, but also on the prerelease center's willingness to accept that individual. Chesterman has failed to allege any facts that would show the basis for not being accepted into a community-based program was a result of his brain injury.

Chesterman previously alleged in a separate lawsuit that the Montana Board of Pardons and Parole discriminated against him by denying him parole based upon his purported disability.  There, it was observed that Chesterman was denied parole in February 2024 due to the nature and severity of his underlying offenses

4

and the Parole Board's finding that granting Chesterman parole would diminish the seriousness of his offenses. *See Chesterman v. Board of Pardons, et al.*, Cause No. CV-24-18-DWM, Or. (D. Mont. June 11, 2024). There was nothing alleged in that matter that supported Chesterman's claim of discrimination or wrongdoing. Similarly, aside from his own conclusory allegations in the present matter, Chesterman has provided no support for his claim that he was denied prerelease placement due to a disability.

Moreover, a plaintiff is obliged to specifically identify which acts of the defendants violated his rights. Chesterman has failed to associate any acts of Mr. Dennehey or START with the injuries he claims. He has provided no fact that, if true, would allow the Court to find that these defendants committed a constitutional violation. Accordingly, the Amended Complaint fails to state a claim.

Chesterman was previously advised that he failed to allege any facts which would tend to support a viable Fourteenth Amendment claim, under either the due process clause or the equal protection clause. That is, his complaint contained no factual content that demonstrated a reasonable inference that defendants violated his Fourteenth Amendment rights. (Doc. 7 at 6-7.) In his Amended Complaint Chesterman provides no additional factual support for his claims.

The due process clause of the Fourteenth Amendment provides that no state

shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. XVI, § 1. This clause provides a basis for both substantive and procedural due process claims. For purposes of either type of claim, the threshold consideration is whether the plaintiff has been deprived of a protected interest in property or liberty. *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999). "Only after finding the deprivation of a protected interest" does the court "look to see if the State's procedures comport with due process." *Id.* But Chesterman has no constitutional right to conditional release or placement in community corrections. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). Accordingly, Chesterman fails to adequately allege deprivation of a protected right, his conclusory allegation does not rise to a colorable claim.

Chesterman's Amended Complaint also fails to set out a viable equal protection claim. "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schiro*, 514 F. 3d 878, 891 (9th Cir. 2008 )(citation omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998); *Lee v. City of L.A.*, 250 F. 3d 668, 686 (9th Cir.

2001).  Even if Chesterman is a member of a protected class, he does he allege any acts committed by Defendants that amounted to an intentional discrimination against him.  As such, the Amended Complaint fails to state a valid discrimination claim.

Finally, Chesterman's claim that his denial of prerelease placement violated an unidentified state statute of limitations is based on Montana law and does not state a cognizable claim under Section 1983.

In short, Chesterman presents nothing more than his own conclusory statements, which are insufficient to support a viable Section 1983 claim. Amendment would be futile.  The matter is dismissed.

Accordingly, IT IS ORDERED that:

1.      Chesterman's Amended Complaint (Doc. 9) is DISMISSED for failure to state a federal claim.

2.      The Clerk of Court is directed to enter judgment pursuant to F. R. Civ. P. Rule 58.

3.      The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

4.      Filing of this action counts as one strike against Chesterman under 28

U.S.C. § 1915(e)(2)(B)(ii).

DATED this _____ day of June, 2024.

_____
Donald W. Molloy, District Judge
United States District Court

8